## SLOAN v CITY OF MADISON HEIGHTS

Docket No. 73800. Argued January 14, 1986 (Calendar No. 1). Decided
    July 8, 1986. Rehearing denied 426 Mich 1231.

Gerald T. Sloan brought an action in the Oakland Circuit Court
    against the City of Madison Heights, seeking a declaration that
    vacant positions of chief of police and assistant chief of police
    in the Madison Heights police department should be filled
    pursuant to competitive examination requirements of a con-
    tract between the city and the Fraternal Order of Police, State
    Labor Council, and the firemen and policemen civil service act.
    The Fraternal Order contract pertained to command unit offi-
    cers, while a contract between the city and Local 1917, Ameri-
    can Federation of State, County and Municipal Employees, AFL-
    CIO, pertained to department heads. The Fraternal Order of
    Police and AFSCME were permitted to intervene. The city as-
    serted that the action was res judicata in that a prior judgment
    had been rendered with respect to the same parties concerning
    the same issue. The court, John N. O'Brien, J., concluded that
    the city's assertion was without merit, that the plaintiffs had
    standing to bring the action, that the Fraternal Order contract
    governed promotions to assistant chief of police, and that the
    AFSCME contract governed promotions to chief of police, and,
    thus, while a competitive examination was required to fill a
    vacancy in the position of assistant chief, it was not required to
    fill the position of chief. The Court of Appeals, D. E. HOLBROOK,
    JR., P.J., and WAHLS and LAMB, JJ., affirmed in part and
    reversed in part in an unpublished opinion per curiam, holding
    that the trial court correctly decided the issues of standing and
    res judicata, but incorrectly interpreted the contracts, and that
    both positions should be determined by competitive examina-
    tion (Docket No. 67436). AFSCME appeals, and Sloan cross-ap-
    peals.

In a unanimous opinion by Justice BOYLE, the Supreme Court
    held:

The City of Madison Heights correctly interpreted the con-
    tracts of the command unit officers and the department heads
    in deciding that vacancies in the positions of chief of police and
    assistant chief of police were to be filled in accordance with the
    provisions of the collective bargaining agreement with AFSCME.

1. The contract between the city and the Fraternal Order of

Police specifically excludes jurisdiction over the chief of police and assistant chief of police positions; the contract between the city and AFSCME specifically provides for such jurisdiction in all employment matters, including conditions of employment. Case law provides that promotional standards and criteria are terms or conditions of employment.

2. The plaintiffs' allegation that the city's failure to make promotions in accordance with the Fraternal Order contract deprived them of contractual rights won through collective bargaining was sufficient to confer standing. In addition, for purposes of a declaratory judgment action, the plaintiffs were interested parties in that they sought a declaration of their own rights under the Fraternal Order contract.

3. In order for the doctrine of res judicata to apply, there must have been a prior decision on the merits, the issues must have been resolved in that case either because they were actually litigated or might have been litigated, and the parties or their privies in both actions must have been the same. In this case, the defendants failed to carry their burden of proving that the parties or their privies were involved in the prior case.

Reversed.

*James Paterson* for plaintiff Sloan.

*John A. Lyons* for intervening plaintiff Fraternal Order of Police, State Labor Council.

*Harry H. Young,* City Attorney, and *Allen J. Kovinsky* and *Susan M. Tardiff,* Assistant City Attorneys, for defendant City of Madison Heights.

*Rose Mary C. Robinson* for intervening defendant Local 1917, AFSCME, AFL-CIO.

Amici Curiae:

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Theodore Sachs* and *George H. Kruszewski*), for Madison Heights Fire Fighters Association, David Lessnau, and Royal Russell.

BOYLE, J. The issue in this case is whether

vacancies in the positions of chief of police and assistant chief of police in Madison Heights are to be filled pursuant to the collective bargaining agreement with the Fraternal Order of Police (FOP) or by the collective bargaining agreement with Local 1917, American Federation of State, County and Municipal Employees (AFSCME).[1] The FOP contract covers command unit officers. The AFSCME contract covers department heads. Plaintiff-appellee Gerald T. Sloan is a member of the command officers unit, intervening plaintiff-appellee is the Fraternal Order of Police, State Labor Council, defendant-appellant is the City of Madison Heights, and intervening defendant-appellant is Local 1917, American Federation of State, County and Municipal Employees.

In addition to the major issue in this case, defendants and plaintiffs agree that there are two preliminary issues which must be determined by this Court: 1) do the plaintiffs have standing to bring this suit, and 2) is a 1979 decision by the Oakland Circuit Court res judicata in this matter?

We agree with plaintiffs that neither the lack of standing nor the res judicata claims have merit. We find, however, that the language of the two collective bargaining agreements requires the conclusion that promotion to the positions of police chief and assistant police chief are governed by the

---

[1] The FOP contract provides:

Promotions and layoffs shall be in accordance with the State Civil Service Act 78.

The AFSCME contract provides:

Promotions will be granted on the basis of ability to perform. Any openings shall be posted in all departments for five (5) working days.

terms of the AFSCME contract. We therefore reverse the decision of the Court of Appeals.[2]

The litigants in this action have been in conflict about the proper promotion procedure for the positions of police chief and assistant police chief since 1978 when plaintiff Gerald Sloan and fellow command unit officer James Siebert contested the appointments of Joseph Whitefield as police chief and Frank Good as assistant police chief. Sloan and Siebert contended that the positions should have been filled pursuant to the Civil Service Act, 1935 PA 78, MCL 38.501; MSA 5.3351. The City of Madison Heights asserted that the positions were to be filled pursuant to the AFSCME contract, enacted under the public employees relations act, MCL 423.211; MSA 17.455(11), which specified that promotions would be granted on the basis of ability to perform.

After a hearing, the Civil Service Commission in 1978 found that the collective bargaining agreement between the City of Madison Heights and AFSCME superseded the provisions of the civil service act for fire or police departments. Sloan and Siebert then appealed the decision to the Oakland Circuit Court. On November 26, 1979, Judge Gene Schnelz entered an order affirming the Civil Service Commission, specifically finding:

> Wherefore, the Court holds that the promotion [sic] in the instant case, which were in full compliance with the Local 1914 [sic] collective bargaining agreement, were not made in violation of Act 78 and the action of the Civil Service Commission of the City of Madison Heights is upheld.

---

[2] Because the Oakland Circuit Court found that only vacancies in the assistant chief's position were to be filled pursuant to the FOP contract, our holding affirms the decision of the trial court with regard to the chief of police position, but reverses the circuit court with regard to the assistant chief position.

The plaintiffs in the 1979 case then appealed to the Court of Appeals, but the appeal was dismissed for failure to comply with the Michigan General Court Rules regarding appeals. No further action or appeal was taken by either plaintiff.

The factual scenario in the instant case began on June 30, 1982, when Joseph Whitefield resigned as the Madison Heights' chief of police. On July 17, 1982, after the opening for that position was posted in all departments for five days, the city manager appointed Frank Good to the vacated position. This appointment created a vacancy in the position of assistant chief of police. On July 28, 1982, the city manager appointed Detective Sergeant Gerald Crossley to the position of assistant chief of police.

On July 23, 1982, prior to Crossley's appointment as the new assistant chief of police, plaintiff filed his complaint for declaratory judgment in Oakland Circuit Court, seeking a determination that the two available positions should be filled pursuant to the competitive examination requirements of the FOP contract and the firemen and policemen civil service act. In an answer filed on August 6, 1982, defendant city admitted all material allegations, but denied that promotions to the positions of chief of police and assistant chief of police were governed by the FOP contract.

On August 20, 1982, FOP moved to intervene, alleging that it was the certified and exclusive agent for the Madison Heights Command Officers Association. FOP also filed a complaint for mandamus, seeking an order commanding the Madison Heights Civil Service Commission to appoint a time and place for a public hearing to discuss its action in refusing to use competitive examinations to fill the positions of chief of police and assistant chief of police. The trial court granted FOP's mo-

tion to intervene on September 8, 1982. In an amended answer, the city alleged the affirmative defense of res judicata.

In late August 1982, plaintiff and the city each moved for summary judgment pursuant to GCR 1963, 117.2. A hearing was held on September 22, 1982. At the close of arguments, the trial court issued an oral opinion, concluding that the res judicata defense was without merit, that the FOP contract governed promotions to assistant chief of police, and that the AFSCME contract governed promotions to chief of police. An order granting AFSCME's motion to intervene was entered on October 8, 1982. An order granting partial summary judgment in favor of plaintiff Sloan and partial summary judgment in favor of the city was filed on October 14, 1982. An amended order was filed on November 3, 1982.

The Court of Appeals, after granting leave to appeal, found that the trial court was correct in its findings that the plaintiffs had standing and that the res judicata issue was without merit, but concluded that the trial court had incorrectly interpreted the contracts. The Court of Appeals further held that the two bargaining agreements were not in conflict because "ability to perform," as used in the AFSCME contract, must be determined by competitive examination, as provided for in the FOP contract. It, therefore, reversed the trial court order with regard to the position of chief of police and affirmed with regard to the assistant chief position. In conclusion, the Court of Appeals stated:

> The trial court concluded that the chief of police position need not be filled by competitive examination because a lieutenant in the bargaining unit covered by the FOP contract "would not have the

right to test two ranks up." The trial court was in error in this regard. Section 12(b) of the firemen and policemen civil service act, MCL 38.512(b); MSA 5.3362(b), provides that in the event only one person is in the next lower rank (here, assistant chief of police) for the vacancy (here, chief of police), persons in the second lower rank (here, lieutenants) with at least five years experience in the department may also compete for the vacancy. Thus, lieutenants qualified by the minimum experience requirement would have the right to test for the chief of police position.

We first turn to defendants' allegation that plaintiffs do not have standing in this case. It is defendants' contention that, because the FOP bargaining agreement specifically excludes from its jurisdiction the positions of assistant chief and chief of police, the plaintiffs have no standing to ask for an enforcement of rights properly belonging to the AFSCME members. They further allege that Gerald Sloan, as a lieutenant who did not apply for the two vacant positions, has no substantive legal rights to bring a cause of action. In sum, defendants contend that plaintiffs have shown no special injury and, therefore, are not real parties in interest as required by GCR 1963, 201.2.

Plaintiffs argue that they have shown specific injury because they allege a violation of their own contract's promotional procedure. In addition, they point out that this is a suit for a declaratory judgment which they contend requires only that the plaintiffs be "interested part[ies]," pursuant to GCR 1963, 521.1.

We agree with plaintiffs that their allegation that the city's failure to make promotions in accord with the FOP contract deprives them of contractual rights won through collective bargaining is sufficient to confer standing. In addition, for the

purposes of a declaratory judgment, plaintiffs are "interested part[ies]," as they are seeking a declaration of their own rights under the FOP contract.

Defendants' second contention is that a 1979 decision requires application of the doctrine of res judicata in the instant case. The plaintiffs disagree, claiming that the requirements for res judicata have not been met.

The Court of Appeals correctly noted that there are three prerequisites to the application of the doctrine of res judicata. There must have been a prior decision on the merits; the issues must have been resolved in the first case, either because they were actually litigated or because they might have been presented in the first action; and both actions must be between the same parties or their privies. *Annabel v Link Lumber Co,* 115 Mich App 116; 320 NW2d 64 (1982); *Fellowship of Christ Church v Thorburn,* 758 F2d 1140 (CA 6, 1985). It is also correct that the burden of proving the applicability of the doctrine of res judicata is upon the party asserting it. *E & G Finance Co, Inc v Simms,* 362 Mich 592; 107 NW2d 911 (1961). Plaintiffs claim and the Court of Appeals held that the defendants failed to carry the burden because they did not satisfy the second and third requirements.

We agree that defendants have failed to prove that the parties are the same or their privies in the two cases. In so doing, we need not decide whether defendants have satisfied the other requirements for the application of res judicata.

In its broadest sense, privity has been defined as "mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Petersen v Fee Int'l, Ltd,* 435 F Supp 938, 942 (WD Okla, 1975). This Court has also interpreted a privy as "one who, after

rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession or purchase." *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37, 43; 191 NW2d 313 (1971).

In the first litigation, Gerald Sloan, an officer in a rank one step lower than the assistant chief's position, alleged that the city was required to promote him to the higher position pursuant to 1935 PA 78 which had been adopted by the City of Madison Heights in its charter. Neither party has presented to this Court any evidence that Sloan was bringing a cause of action in 1979 as a member of the FOP or that he raised any contractual claims at that time.[3] Although it may be that Sloan's rights under the FOP contract should have been raised in the first suit,[4] it is clear that the union's interest, i.e., the collective bargaining agreement, was not at issue. Therefore, the FOP in the 1979 case did not have a mutual or successive relationship to the same rights of property as Gerald Sloan. Plaintiff in the first case was pursuing his rights under the city charter and 1935 PA 78 and not as a member of the union. We find, therefore, that the FOP, plaintiff-intervenors in the instant suit, were not privies to Gerald Sloan in the 1979 case and are not precluded under the

---

[3] This Court has also independently examined the lower court record in the 1979 case and has found no mention of a contractual claim in the complaint, the answer, or any of the proceedings.

[4] See *Gursten v Kenney,* 375 Mich 330, 335; 134 NW2d 764 (1965) ("The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time"), but see *Rogers v Colonial S & L,* 405 Mich 607, 626; 275 NW2d 499 (1979) ("A defendant who fails to object to a plaintiff's nonjoinder waives the use of the defense in a subsequent suit based on additional claims").

doctrine of res judicata from bringing this cause of action.

We now turn to the substantive issue in this case, namely, which collective bargaining agreement controls the promotion to the positions of assistant chief and chief of police in Madison Heights.

Defendants claim that AFSCME was free under *Local 1383, Int'l Ass'n of Fire Fighters v City of Warren*, 411 Mich 642; 311 NW2d 702 (1981), to execute a valid collective bargaining agreement incorporating a promotional scheme which was not in accord with the provisions of 1935 PA 78. Plaintiffs agree with this contention, but argue that the AFSCME union may not bargain away the rights of the FOP members who aspire to promotion out of the command officer ranks and who, under 1935 PA 78, are eligible to take competitive examinations for the positions at least one step directly above the one they are currently holding.

It is undisputed that the FOP agreement specifically states:

> All full time Police Officers of the City of Madison Heights from the rank of Sergeant and above, except the Chief and Assistant Chief, shall be included in the unit represented by the Command Officers Association and shall come within the jurisdiction of this Agreement,

and that the AFSCME contract provides:

> The City of Madison Heights does hereby recognize the Department Heads Union Council 25 American Federation of State, County and Municipal Employees (AFSCME) as the exclusive representative for the purpose of collective bargaining in respect to rates of pay, wages, hours of employment and other *conditions of employment* for all

Department Heads and the Assistant Chief of Police. [Emphasis added.]

The FOP contract, thus, specifically excludes jurisdiction over both the assistant chief and chief of police positions. The AFSCME contract specifically includes jurisdiction over the two positions for all employment matters, including conditions of employment.

Promotional standards and criteria are now considered terms or conditions of employment. *Detroit Police Officers Ass'n v Detroit,* 391 Mich 44; 214 NW2d 803 (1974). We find that the defendant city is correct in its assertion that promotions to positions of assistant chief and chief of police in Madison Heights should be handled pursuant to the AFSCME contract, i.e., on the basis of ability to perform.

Plaintiffs further contend that *Detroit Police Officers Ass'n v Detroit,* 61 Mich App 487; 233 NW2d 49 (1975), controls this case. That case held that, in certain circumstances, an employer will be required to bargain with a unit representative about a subject which concerns non-unit employees. Defendants argue that the holding in *Detroit Police Officers* has no bearing on the instant case, where no FOP bargaining has taken place on the contested promotional scheme.

We agree that the Court of Appeals rationale in the *Detroit Police Officers* case is inapposite to this case. The promotional language and the specific exclusion of the assistant chief and police chief's positions has remained identical in the FOP contract since before Gerald Sloan's first case was litigated. There is no evidence that the FOP has requested bargaining over the promotional schemes to those two positions. It cannot now be heard to claim some agreed-upon right to deter-

mine the criteria for these promotions. There is no language in the FOP contract which could reasonably allow this Court to find that the union and the city agreed during collective bargaining that the FOP contract would cover any of the terms of employment for positions outside of its jurisdiction, i.e., above the rank of lieutenant.

We find that the defendant, City of Madison Heights, correctly interpreted both the command unit officers' and the department heads' contracts in making its decision that vacancies in the assistant chief and chief of police positions in Madison Heights should be filled pursuant to the collective bargaining agreement with AFSCME. We, therefore, reverse the decision of the Court of Appeals and reverse in part and affirm in part the summary judgment of the Oakland Circuit Court.

WILLIAMS, C.J., and LEVIN, BRICKLEY, CAVANAGH, RILEY, and ARCHER, JJ., concurred with BOYLE, J.