*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JACK REDBURN,

      Plaintiff-Appellant,

v

FARMERS INSURANCE EXCHANGE,

      Defendant-Appellee.

UNPUBLISHED
January 7, 2020

No. 345216
Macomb Circuit Court
LC No. 2016-001830-NF

Before: FORT HOOD, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

In this no-fault action, plaintiff appeals by delayed leave granted[1] the circuit court's order granting summary disposition to defendant on the basis of collateral estoppel. We reverse.

This action arises out of an incident occurring on September 4, 2015. On that day, plaintiff and plaintiff's coworkers were providing landscaping services to a condominium complex in Mount Clemens, Michigan. According to plaintiff, William Bolle, the son of one of the complex residents, drove into the complex at a high rate of speed, then parked his vehicle and walked to where plaintiff stood in the roadway, working on a lawnmower. Bolle allegedly yelled at plaintiff and pushed him. Bolle then walked away from plaintiff and plaintiff resumed repairing his mower. Approximately 15 minutes later, Bolle drove a van past plaintiff and, according to plaintiff, the van's fender, corner of the hood, and a corner of the bumper struck plaintiff's side, and the van's mirror struck plaintiff's right shoulder as Bolle passed. Upon impact, plaintiff fell backward and over his mower. Bolle continued driving after striking plaintiff with the van.

Plaintiff alleges that he sought medical treatment because of the injuries he sustained in the accident. Relevant to the instant matter, Clear Imaging was one of plaintiff's treating

---

[1] *Redburn v Farmers Insurance Exchange*, unpublished order of the Court of Appeals, entered January 15, 2019 (Docket No. 345216).

facilities. Plaintiff assigned to Clear Imaging his rights to receive no-fault personal injury protection benefits (PIP) for expenses incurred for services rendered by Clear Imaging.

Plaintiff filed a complaint for PIP benefits against defendant on May 26, 2016, in the circuit court. On August 11, 2017, Clear Imaging filed a separate complaint against defendant, under its assignment of rights from plaintiff, for payment of the purported PIP benefits it had provided to plaintiff, in district court. On November 27, 2017, a trial was held in Clear Imaging's matter, at which the district court granted defendant's motion for directed verdict. The district court thereafter entered an order directing verdict in defendant's favor, stating in the order that plaintiff was not involved in a motor vehicle accident on September 4, 2015, and did not sustain accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle accident on that date.

On January 4, 2018, defendant filed a motion for summary disposition in the instant matter under MCR 2.116(C)(7) and (10), relying on the district court's order. The circuit court granted defendant's motion for summary disposition on the ground of collateral estoppel under MCR 2.116(C)(7). This appeal followed.

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). Summary disposition may be granted under MCR 2.116(C)(7) when a claim is barred by collateral estoppel. *Alcona Co v Wolverine Envtl Prod, Inc*, 233 Mich App 238, 246; 590 NW2d 586 (1998). In reviewing a motion for summary disposition under MCR 2.116(C)(7), a court considers the affidavits, pleadings, and other documentary evidence presented by the parties and construes them in a light most favorable to the nonmoving party. *Id*. Whether collateral estoppel bars a claim is a question of law, which this Court also reviews de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

"Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in that prior proceeding." *Radwan v Ameriprise Ins Co*, 327 Mich App 159, 166; 933 NW2d 385 (2018), quoting *Rental Props. Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 528; 866 NW2d 817 (2014). Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel. *Id*., quoting *Rental Props Owners Ass'n of Kent Co*, 308 Mich App at 529.

With respect to the first element, the ultimate issue in the subsequent action "must be identical, and not merely similar" to the ultimate issue in the first action. *Rental Prop Owners Ass'n of Kent Co*, 308 Mich App at 529. And, the ultimate issue must have been both actually and necessarily litigated. *Id*. This means that a question put into issue by the pleadings must have been submitted to and determined by the trier of fact. *Id*.

The district court's order granting defendant's motion for a directed verdict specifically indicated that the district court found that plaintiff was not involved in a motor vehicle accident on September 4, 2015, and that he did not sustain accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle accident on that date. A directed verdict is a judgment on the merits of an issue actually litigated and is thus entitled to collateral estoppel effect. *Latimer v William Mueller & Son, Inc*, 149 Mich App 620, 640-41; 386 NW2d 618 (1986). Thus, the district court's directed verdict in favor of defendant constitutes a

judgment on the merits. Moreover, the district court's findings were essential to judgment because defendant would not be liable for plaintiff's Clear Imaging bills under the no-fault act unless plaintiff suffered an accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle. See MCL 500.3105. The first element of collateral estoppel is established.

Because the third element of estoppel, mutuality of estoppel, has also unequivocally been established, we address that element next.

> Mutuality of estoppel requires that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or [a] privy to a party, in the previous action. In other words, the estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him. [*Monat*, 469 Mich at 684-685 (internal quotation marks and citation omitted)]

Plaintiff assigned his rights to payment of purported PIP benefits provided by Clear Imaging to that provider. Michigan case law has recognized that a healthcare provider "stands in the shoes" of an insured when seeking no-fault benefits from an insurer. *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 44; 795 NW2d 229 (2010). As a result, Clear Imaging was a privy of plaintiff in the district court matter. And, had the district court denied defendant's motion for a directed verdict, and the jury found that plaintiff was involved and injured in a September 4, 2015 motor vehicle accident, defendant would have been bound the jury's determination. *Monat v State farm Ins Co*, 469 Mich 679, 684-685; 677 NW2d 843 (2004). Thus, the third element of collateral estoppel has been established.

The second element of collateral estoppel is that the same parties must have had a full and fair opportunity to litigate the issue. *Rental Props Owners Ass'n of Kent Co*, 308 Mich App at 529. This Court has defined "privity" as "mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Sloan v Madison Hts*, 425 Mich 288, 295; 389 NW2d 418 (1986) (quotation marks and citation omitted). Privity has also been described as:

> [M]utual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right. . . . [It] signifies that [the] relationship between two or more persons is such that a judgment involving one of them may justly be conclusive upon [the] other, although [the] other was not a party to lawsuit. [*Phinisee v Rogers*, 229 Mich App 547, 553; 582 NW2d 852 (1998), quoting Black's Law Dictionary (6[th] ed), p 1199 (first brackets added).]

Further, "[p]rivity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship in which the interests of the non-party are presented and protected by the party in the litigation." *Id*. at 553-554 (quotation marks, citation, and ellipsis omitted).

The district court action involved Clear Imaging as plaintiff seeking to have plaintiff's bill for services provided paid by defendant as a PIP insurer. The circuit court action was brought by plaintiff directly, and in that matter, plaintiff sought $135,435.98 in PIP benefits separate from any benefit received by or payment owed to Clear Imaging. Although Clear Imaging's and plaintiff's actions involved the same defendant, their actions did not involve the same plaintiffs as parties. Plaintiff assigned to Clear Imaging his right to receive PIP benefits for expenses incurred solely for services it rendered to him. And those services were rendered on a single day (December 10, 2015). Thus, plaintiff and Clear Imaging had the same legal right and interest in the payment for services on that single date such that plaintiff's interest in the payment was presented and protected in the district court action.

However, it is only to the extent of Clear Imaging's claim for payment of PIP benefits for services rendered to plaintiff that plaintiff and Clear Imaging were privies. The interests and claims presented in plaintiff's complaint against defendant (which included PIP benefit claims for loss of income, replacement services, attendant care services, and uninsured or underinsured policy coverage limit payment, in addition to medical expenses) were not presented and protected in the district court action. According to plaintiff, he had no involvement in the district court action and was unaware that Clear Imaging's case had proceeded to trial. Thus, it cannot be said that plaintiff's interests were fully presented and protected in the district court action or that the judgment involving Clear Imaging may justly be considered binding on plaintiff despite him not being a party to the district court action.[2] Clear Imaging's inability to prove that plaintiff was involved and injured in the September 4th accident, and thereby pursue its claim to $20,400 in PIP benefits, shows that Clear Imaging stood in the shoes of plaintiff with respect to its own claim, but that Clear Imaging did not stand in the shoes of plaintiff with respect to plaintiff's additional claim to $135,435.98 in PIP benefits. Therefore, plaintiff was not in privity with Clear Imaging beyond the $20,400 Clear Imaging claimed in PIP benefits.

Even if plaintiff and Clear Imaging were in complete privity, the district court's judgment does not preclude plaintiff from litigating his claim because plaintiff did not have a full and fair opportunity to litigate the issue of whether he was involved and injured in a September 4th accident and entitled to PIP benefits, in Clear Imaging's district court trial. At the hearing on defendant's motion for summary disposition, plaintiff argued that he could not have had a fair opportunity to litigate his claim, because Clear Imaging did not call plaintiff as a witness in Clear Imaging's trial. Although the circuit court ruled that "the assignment does give privity," the circuit court did not address whether plaintiff had a full and fair opportunity to litigate his claim.

"Determining whether a [party] has had a full and fair chance to litigate [an issue] in an earlier case is of necessity not a simple matter [because] . . . as so often is the case, no one set of facts, no one collection of words or phrases, will provide an automatic formula for proper rulings

---

[2] Notably, the reports prepared by Clear Imaging, d/b/a Pure Open MRI, do not indicate that plaintiff's treatment was related to the September 4th accident. Clear Imaging's acknowledgment of rights form also does not indicate that plaintiff's assignment of rights was related to the September 4th accident.

on estoppel pleas. In the end, [the] decision will necessarily rest on the trial courts' sense of justice and equity." *Monat*, 469 Mich at 683 n 2, citing *Blonder-Tongue Laboratories, Inc v Univ of Illinois Foundation*, 402 US 313, 333-334; 91 S Ct 1434; 28 L Ed 2d 788 (1971). "In determining whether a party has had a 'full and fair' opportunity to litigate an issue, courts should look to the factors set forth in 1 Restatement Judgments, 2d, ch 3, Former Adjudication, §§ 28–29." *Monat*, 469 Mich at 683 n 2. Section 28 of the Restatement of Judgment, 2d, p 273 provides, in relevant part:

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
>
> (1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action; or
>
>         * * *
>
> (5) There is a clear and convincing need for a new determination of the issue (a) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action[.] [*Monat*, 469 Mich at 685 n 2, quoting 1 Restatement Judgments, 2d, ch 3, Former Adjudication, § 28, p 273.]

The circuit court stated that if the district court's decision had been appealed, then the circuit court would have viewed the matter differently. However, it is difficult to see how plaintiff could have obtained review of the district court's judgment in Clear Imaging's trial. *Monat*, 469 Mich at 685 n 2, quoting 1 Restatement Judgments, 2d, ch 3, Former Adjudication, § 28(1). Plaintiff assigned his rights to PIP benefits for amounts owed to Clear Imaging, and plaintiff asserted that he was unaware that Clear Imaging's action against defendant was proceeding to trial, he was never notified of Clear Imaging's trial, he was neither subpoenaed to attend nor asked to testify at Clear Imaging's trial, and was not a named party in that litigation.

There is a need for a new determination of the issue because of the potential adverse impact of the district court ruling on the interests of persons who were not parties in Clear Imaging's action. See *id*., quoting 1 Restatement Judgments, 2d, ch 3, Former Adjudication, § 28(5)(b). Insofar as the record on appeal indicates, plaintiff's other medical providers, including Spine Specialists of Michigan, Atlas PT, and Spectra Clinical Laboratory, were not parties in Clear Imaging's action against defendant, and are owed $8,691.05 in PIP benefits. Plaintiff's alleged replacement service providers are owed a total of $11,680 in PIP benefits. If plaintiff is not afforded the opportunity to litigate his entitlement to PIP benefits, he and the other medical and service providers will be bound by a decision that they were neither aware of nor had the opportunity to fairly and fully participate in.

In determining whether a party has had a "full and fair" opportunity to litigate an issue, Restatement Judgments, 2d, ch 3, Former Adjudication, Section 29, p 291, provides, in relevant part:

A party precluded from relitigating an issue with an opposing party . . . is also precluded from doing so with another person unless the fact that he lacked a full and fair opportunity to litigate the issue in the first action or other circumstances justify affording him an opportunity to relitigate the issue. The circumstances to which considerations should be given include those enumerated in § 28 and also whether:

* * *

(2) The forum in the second action affords the party against whom preclusion is asserted procedural opportunities in the presentation and determination of the issue that were not available in the first action and could likely result in the issue being differently determined;

* * *

(4) The determination relied on as preclusive was itself inconsistent with another determination of the same issue;

(8) Other compelling circumstances make it appropriate that the party be permitted to relitigate the issue. [*Monat*, 469 Mich at 683 n 2, quoting 1 Restatement Judgments, 2d, ch 3, § 29, p 291.]

Apart from PIP benefits owed to Clear Imaging, plaintiff's PIP benefits claim exceeded the district court's jurisdiction. Thus, plaintiff's action in the circuit court could afford plaintiff opportunities in the presentation and determination of $135,435.98 in PIP benefits allegedly owed that would not have been available to plaintiff in the district court. Moreover, in seeking in excess of $100,000.00 worth of PIP benefits, plaintiff would have a stronger, more compelling interest to thoroughly and fervently advocate that he qualified for PIP benefits than would a provider who provided only one day of services and was seeking payment only for that day of

-6-

services.[3]  We are satisfied that plaintiff did not have a full and fair opportunity to litigate his claims and underlying issues with respect to his claims and that summary disposition based upon collateral estoppel was improper.

Reversed and remanded to the circuit court.  We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra

---

[3] We also note that the record indicates that there is at least one other case related to plaintiff's action.  The record on appeal does not contain information about this related lawsuit, so the disposition is unknown.  The possibility exists that the district court's ruling is inconsistent with the findings in the other case.