*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEITH J. MITAN, individually and as assignee of
the ESTATE OF FRANK MITAN, also known as
FRANK JOSEPH MITAN, JR.,

       Plaintiff-Appellant,

UNPUBLISHED
June 1, 2023

v

No. 358232
Oakland Circuit Court
LC No. 2021-185958-CZ

MICHAEL J. BOUCHARD and TWELFTH
ESTATE CONDOMINIUM ASSOCIATION,

       Defendants-Appellees.

Before: LETICA, P.J., and SERVITTO and HOOD, JJ.

HOOD, J. (*dissenting*).

I respectfully dissent. I agree with the majority that Plaintiff Keith J. Mitan's second lawsuit against defendant, Twelfth Estate Condominium Association ("Twelfth Estate") satisfies two prongs of res judicata: the suits involved the same parties, and the first suit was decided on the merits. But it does not satisfy the third prong of res judicata because plaintiff could not have raised the claims of the Estate of Frank Mitan (the "Estate") in the first suit before the Estate assigned the claims. I would reverse and remand for the reasons stated below.

## I. FACTUAL BACKGROUND

The majority opinion accurately describes the factual and procedural background of this case. Critically, plaintiff sued Twelfth Estate twice. Both times, he sued in his individual capacity. In the first suit, he raised his own claims. Then, following an assignment from the Estate, he filed the second suit, raising the Estate's claims.

## II. STANDARD OF REVIEW

"We review de novo the application of a legal doctrine, such as res judicata." *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket no. 359681); slip op at 2, citing *Garrett v Washington*, 314 Mich App 436, 440-441; 886 NW2d 762 (2016).

Summary disposition based on res judicata falls under MCR 2.116(C)(7). See *RDM Holdings, LTD v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). "When reviewing a motion under MCR 2.116(C)(7), a reviewing court must consider all affidavits, pleadings, and other documentary evidence submitted by the parties and construe the pleadings and evidence in favor of the nonmoving party." *Anzaldua v Neogen Corp*, 292 Mich App 626, 629; 808 NW2d 804 (2011). [*C-Spine*, ___ Mich App at ___; slip op at 2-3.]

## III. RES JUDICATA

Plaintiff argues the trial court erred in granting summary disposition to Twelfth Estate because the assigned claims are not barred by res judicata. I agree. The trial court erred in granting summary disposition based on res judicata because the Estate's claims were not, and could not have been, resolved in the first case.

As the majority correctly observes, courts use the doctrine of res judicata to prevent multiple suits litigating the same cause of action. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 418; 733 NW2d 755 (2007). It bars a subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the claims in the second case were, or could have been, resolved in the first case. *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). We apply res judicata broadly to bar claims that were already litigated and "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999). Res judicata applies to issues decided through a grant of summary disposition, *Detroit v Nortown Theater, Inc*, 116 Mich App 386; 323 NW2d 411 (1982), and acceptance of case evaluation awards, *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 555; 640 NW2d 256 (2002).

The trial court granted summary disposition to Twelfth Estate on the basis of res judicata finding plaintiff's in the first and second lawsuit were "identical," "the claims were litigated," and "a decision on the merits was reached." The court reasoned that as personal representative of the Estate, even if "the same claims were not brought in . . . 2019 based on the assignment, Plaintiff . . . knew or should have known of the claims, and should have brought them in the prior action." The trial court reasoned that res judicata barred plaintiff's claims because they were essentially the same claims that were raised in the first lawsuit, namely claims of (1) wrongfully retaining certain funds, (2) being unjustly enriched by those funds, and (3) being required to turn over the surplus from the foreclosure sale. This was incorrect. The second lawsuit's claims, which is to say the Estate's claims, were not, and could not have been, resolved in the first lawsuit, where the Estate was not a party and it had not yet assigned its claims to plaintiff.

## A. THE FIRST PRONG OF RES JUDICATA IS SATISFIED: BOTH SUITS INVOLVE THE SAME PARTIES

First, for res judicata to apply, the suits must involve the same parties or their privies. *Adair*, 470 Mich at 122. At the threshold, I acknowledge that both suits involved the same parties. Here, it is uncontested that both the first and second lawsuit involve the same plaintiff and the

same defendants. Even if the suits involved different legal rights and interests, the suits involved the same parties; therefore, this prong is satisfied.

Because the suits involve the same parties, it is unnecessary for us to consider whether they involve privies of the same parties. Uniquely, the suits involve the same parties, but due to the assignment and the timing of the assignment, they do not involve privity of interests. "To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert." *Mecosta Co Med Ctr v Metro Group Prop and Cas Ins Co*, 509 Mich 276, 283; 983 NW2d 401 (2022), quoting *Adair*, 470 Mich at 122. "In its broadest sense, privity has been defined as 'mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right.' " *Id.* at 284, quoting *Sloan v Madison Hts*, 425 Mich 288, 295; 389 NW2d 418 (1986). Generally, a relationship based on an assignment of rights is deemed to be one of privity. See *Taylor v Sturgell*, 553 US 880, 894; 128 S Ct 2161; 171 L Ed 2d 155 (2008). An assignment of rights occurs when the assignor transfers his or her rights or interests to the assignee. See *State Treasurer v Abbott*, 468 Mich 143, 150 n 8; 660 NW2d 714 (2003). "In these circumstances, the assignee succeeds to the rights of the assignor, thus meeting the general definition of privity." *Mecosta*, slip op at 5. Here, in the first lawsuit, plaintiff raised his personal claims, the claims of Keith Mitan. In the second lawsuit, plaintiff raised the Estate's claims, the claims of the Estate of Frank J. Mitan. Although these involved the same plaintiff, they involved different legal rights and interests. Keith Mitan, as an individual, did not have those rights and interests until after the assignment from Keith Mitan, personal representative of the Estate. The majority appears to rely on MCL 700.3711 to conclude that plaintiff had privity of interest with the Estate. I acknowledge that MCL 700.3711 gave plaintiff, as personal representative for the Estate, authority to act on the Estate's behalf. But his role as personal representative does not mean that Estate's rights and interests belonged to him – it just gave him the power to act on the estates behalf. As discussed below, his actions were still limited by considerations of the best interests of the Estate and its creditors. See MCL 700.3711. Again, because both suits involve the same parties, it should be unnecessary for us to address privity at all. I agree with the majority that this prong is satisfied, albeit for a different reason.

## B. THE SECOND PRONG OF RES JUDICATA IS SATISFIED: THE FIRST SUIT WAS RESOLVED ON THE MERITS

Second, for res judicata to apply, the claims in the first case must have been resolved on the merits. *Adair*, 470 Mich at 121. The first case addressed the merits of plaintiff's individual capacity claims, including unjust enrichment and return of surplus proceeds under MCL 600.3252. Although the trial court dismissed those claims for lack of standing prior to case evaluation, by accepting case evaluation, plaintiff accepted a resolution on the merits that covered all of his individual capacity claims in the first case. *Garrett*, 314 Mich App at 441 (holding that acceptance of case evaluation has the same effect as a consent judgment for res judicata purposes); *CAM Constr*, 465 Mich at 555-557 (holding that the mutually accepted case evaluation disposed of all claims in the case, including claims that the trial court dismissed before case evaluation). Mutual acceptance of a case evaluation award constitutes a decision on the merits. *CAM Constr*, 465 Mich at 549. Likewise, MCR 2.403(M)(1) states that if all the parties accept the panel's evaluation, the ensuing "judgment or dismissal shall be deemed to dispose of all claims in the action . . . ." And

we have held that res judicata applies to consent judgments. *Ditmore v Michalik*, 244 Mich App 569, 576; 625 NW2d 462 (2001).

All of plaintiff's claims raised in the first case were addressed on the merits. The parties do not dispute that mutual acceptance of the case evaluation award addressed the merits of the claims that were active at the time of case evaluation. The parties, however, dispute the impact of case evaluation on plaintiff's individual claims of unjust enrichment and return of surplus proceeds. Here, the trial court granted summary disposition on those claims due to plaintiff's lack of standing. The trial court clarified that the Estate had standing to bring those claims, not plaintiff in his individual capacity. This happened before case evaluation. By accepting the case evaluation award, however, plaintiff agreed to resolve all of the claims in the first case. This extends to claims that were previously dismissed without prejudice. See MCR 2.403(M)(1); *CAM Constr*, 465 Mich at 555-557; *Magdich & Assoc, PC v Novi Dev Assoc LLC*, 305 Mich App 272; 851 NW2d 585 (2014). By accepting the case evaluation award, plaintiff accepted a resolution of the merits of all of his claims, including those previously dismissed for lack of standing. I agree that this prong is satisfied.

## C. RES JUDICATA FAILS ON THE THIRD PRONG: MITAN COULD NOT HAVE BROUGHT THE CLAIMS BECAUSE HE DID NOT HAVE STANDING

Having addressed the first two prongs of res judicata, I turn to the third: whether the second suit involved claims that were or could have been resolved in the first suit. *Adair*, 470 Mich at 121. I would conclude that the trial court erred in finding that this prong was satisfied. The claims of the Estate were not, and could not have been, resolved in the first case.

Michigan courts broadly apply res judicata to bar "not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Dart*, 460 Mich at 586 (citation omitted). Put another way, res judicata applies "not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Pierson*, 460 Mich at 380 (quotation marks and citation omitted).[1]

---

[1] I acknowledge that we typically use a transactional test to determine if a matter could have been resolved in the first case. See *Washington*, 478 Mich at 420. Under a transactional test, "the assertion of different kinds of theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." *Id*. Here, this test is imperfect because of the assignment and prior dismissal for lack of standing. Undoubtedly, both suits relate to the same transactions—the sale of the condo and distribution of proceeds. The first suit, however, involved plaintiff's individual interests related to those transactions. He had none, so the court dismissed for lack of standing. By comparison, the second suit addresses the Estate's interests in those transactions. Those issues have yet to be decided. Both suits relate to the same transactions, but they involve different entities' interests, rights, and injuries related to those transactions. To the extent that the transactional test applies, it applies in plaintiff's favor.

Here, we know that plaintiff could not have resolved the unjust enrichment claim and claim for return of surplus proceeds in the first lawsuit, because he did not have standing to raise those claims. Generally, standing requires a party to have a sufficient interest in the outcome of litigation to ensure vigorous advocacy and some real interest in the cause of action. *Pontiac Police & Fire Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 621; 873 NW2d 783 (2015). If a party lacks standing, "then the court generally lacks jurisdiction to entertain the proceeding or reach the merits." *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 355; 833 NW2d 384 (2013), citing *Miller v Allstate Ins Co*, 481 Mich 601, 608-612; 751 NW2d 463 (2008). "Both the doctrine of standing and the included real-party-in-interest rule are prudential limitations on a litigant's ability to raise the legal rights of another." *Pontiac Police & Fire*, 309 Mich App at 621. (citations omitted). Plaintiffs must assert their own legal rights, not rest their claims on the rights and interest of third parties. *Id.* at 622. In other words, the real party in interest is the party who owns the claim asserted. *Id.*; *In re Beatrice Rottenberg Living Trust*, 300 Mich App at 356. In the first suit, plaintiff tried to raise what was effectively the Estate's claims, when arguing against dismissal, but the trial court did not allow it. The trial court granted Twelfth Estate's motion for summary disposition on standing grounds, holding, "Plaintiff cannot assert a claim for the alleged surplus on behalf of the Estate. Only the Estate can do that." Not only could plaintiff not assert the claims, but the trial court lacked jurisdiction to adjudicate the claims. *See Miller*, 481 Mich at 606-607. In the first suit, the trial court correctly concluded that those claims were not properly before the court. Plaintiff could not have raised those claims because the Estate was not party to the first lawsuit and it had not yet assigned its claims to plaintiff.

For us to find that plaintiff could have with diligence raised those claims is to require him, on behalf of the Estate, a separate legal entity, to intervene in the first lawsuit or to assign the claims earlier and amend the complaint based on that assignment. But such a holding muddles the distinct legal rights and responsibilities of plaintiff as an individual litigant and as the Estate's fiduciary.[2] Had the assignment not happened, res judicata would not bar the Estate's claims by virtue of plaintiff's first lawsuit in his individual capacity and his separate role as personal representative. I would not now conclude that res judicata bars those claims following an assignment that occurred after the first lawsuit.

The majority appears to acknowledge that if plaintiff lacked standing in the first suit, then (1) he could not have raised the claims in his individual capacity without an assignment, and (2) the trial court could not have adjudicated them. See *Miller*, 481 Mich at 606-607. Instead, the

---

[2] The record is silent on why plaintiff, as personal representative, did not assign the Estate's claims until after case evaluation. We do not know whether plaintiff had the ability to purchase the Estate's claims earlier than he did. As personal representative, he had a fiduciary obligation to the Estate and responsibilities to its creditors and beneficiaries. I take no position on whether plaintiff's conduct in executing the assignment amounted to gamesmanship or fraudulent transfer, or whether defendants would have viable defenses based on the circumstances of the assignment. Those issues are not before us. The question in this case is purely whether plaintiff could have brought the Estate's claims in the first case. The answer is simple: he could not have because the assignment had not yet happened.

majority relies on plaintiff's status as personal representative of the estate at the time of the first suit and his authority to act on the Estate's behalf under MCL 700.3711. But plaintiff's ability to act on the Estate's behalf, does not mean he could have done whatever he wanted. Rather, he was the Estate's fiduciary, tasked with making decisions in the best interest of the Estate and its creditors. See MCL 700.3711 (providing that a personal representative has power over the estate property "in trust...for the benefit of creditors or others interested in the estate."). It is unclear whether a decision to intervene in the first suit would have been in the Estate's fiduciary interest, as opposed to assigning its claims for a certain amount. It is equally unclear whether a successful suit would have justified the Estate's costs of litigation. It seems this logic would preclude an estate from pursuing claims any time its personal representative is involved in a suit with a party against whom the estate may have a claim. The simpler approach would be to treat the Estate like what it is, a separate entity whose claims could not have been brought absent considerations of its fiduciary interests and those of its beneficiaries.

Because the Estate's claims could not have been brought in the first suit, res judicata does not bar their litigation in the second suit.

### D. CASE EVALUATION DOES NOT CHANGE THE RES JUDICATA ANALYSIS

Finally, I am not persuaded that plaintiff's acceptance of case evaluation changes the res judicata analysis. The majority relies on *CAM Constr v Lake Edgewood Condo Ass'n*, and *Magdich & Assoc, PC v Novi Dev Assoc, LLC*, to find an additional ground on which plaintiff's claims are barred. Both *CAM Constr* and *Magdich* hold that acceptance of a case evaluation award disposes of all claims in a given action, even those summarily dismissed. See *CAM Constr*, 465 Mich at 555; *Magdich & Assoc, PC*, 305 Mich App at 278-281. Therefore, both cases bear on the first prong of res judicata: whether there was an adjudication on the merits. I acknowledge that this prong was satisfied. But neither of these cases involve questions of standing. See *id.* See also *CAM Constr*, 465 Mich at 555. And, as the majority observes, neither of the cases involve res judicata analysis. These cases should not affect the analysis of whether Mitan, the individual, could have raised the claims in the prior suit.

### IV. CONCLUSION

For the reasons stated above, I would conclude that the trial court erred by granting summary disposition based on the doctrine of res judicata. I respectfully dissent.

/s/ Noah P. Hood