# Order

Michigan Supreme Court
Lansing, Michigan

November 26, 2014

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

147384

SAL-MAR ROYAL VILLAGE, LLC,
          Plaintiff-Appellee,

v

                                      SC: 147384
                                      COA: 308659
MACOMB COUNTY TREASURER,        Macomb CC: 2011-004061-AW
          Defendant-Appellant.

_____/

      On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we REVERSE both the May 30, 2013 and the February 25, 2014 judgments of the Court of Appeals. Macomb County and Macomb Township were not in privity with respect to waiving interest and fees lawfully assessed by the county on the delinquent taxes of plaintiff, Sal-Mar Royal Village, LLC.

      A subordinate governmental unit cannot bind a superior unit unless the subordinate unit is authorized to represent the superior. See *Baraga v State Tax Comm*, 466 Mich 264, 270 (2002), quoting 50 CJS, Judgments, § 869, p 443. Here there is no indication that the township was ever empowered to represent the county with respect to matters incidental to delinquent tax collection. On the contrary, the statutory tax regime contemplates that the two governmental units had differing obligations, see MCL 211.44(1); MCL 211.78a, and potentially conflicting interests if the county was unable to collect delinquent taxes for which it had previously reimbursed the township from its delinquent tax revolving fund, see MCL 211.87b.

Because the question of privity is dispositive, we decline to address the other issues raised by the parties on appeal.[1]

VIVIANO, J., did not participate because he presided over this case in the circuit court.

---

[1] Although we do not reach the issue, we question whether the Michigan Tax Tribunal had the authority to compel the county to disobey the explicit statutory obligation requiring the county to assess the interest and fees. "A county property tax administration fee . . . and interest . . . computed from the date that the taxes originally became delinquent, *shall* be added to property returned as delinquent under this section." MCL 211.78a(3) (emphasis added).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 26, 2014



Clerk

t1119