*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HARBANS KAUR,

        Plaintiff-Appellee,

v

CITIZENS INSURANCE COMPANY OF THE
MIDWEST,

        Defendant/Third-Party Plaintiff-
        Appellant,

and

MEEMIC INSURANCE COMPANY,

        Third-Party Defendant-Appellee.

UNPUBLISHED
June 18, 2020

Nos. 346926; 349344
Wayne Circuit Court
LC No. 17-014352-NI

Before: GADOLA, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

In case no. 346926, defendant/third-party plaintiff, Citizens Insurance Company of the
Midwest (Citizens), appeals by leave granted the order of the trial court granting summary
disposition to third-party defendant, Meemic Insurance Company (Meemic), under MCR
2.116(C)(10). In case no. 349344, Citizens appeals by delayed leave granted the order of the trial
court granting the motion of plaintiff, Harbans Kaur, to compel Citizens to produce certain
unredacted notes of its claims adjuster following an *in camera* review, and to pay costs to
plaintiff's counsel in the amount of $900. We vacate the orders of the trial court and remand to
the trial court for further proceedings.

## I. FACTS

These interlocutory appeals arise from a no-fault priority dispute. Plaintiff alleges that on
October 6, 2016, she was injured when she was struck by a motor vehicle driven by Kishore
Yerukola while crossing a street in Canton, Michigan. Plaintiff initiated three lawsuits arising
from the incident. In December 2016, plaintiff filed a lawsuit against Yerukola and Meemic,

-1-

alleging negligence against Yerukola and seeking underinsured motorist benefits from Meemic. That lawsuit was later dismissed by the parties' stipulation.

Plaintiff filed a second lawsuit against Meemic, seeking first-party personal protection insurance (PIP) benefits. The second lawsuit was premised on plaintiff's assertion that at the time of the accident, she was domiciled with her son, Jagdeep Singh, who was the insured of Meemic, and thus was entitled to PIP benefits from Meemic as a relative resident under MCL 500.3114(1). Meemic moved for summary disposition, contending that it was not the insurer in the priority position under the no-fault act because plaintiff was not domiciled with Jagdeep in Michigan at the time of the incident, but was instead domiciled with her other son, Gurpreet Singh, in Ontario.

While the first two lawsuits were pending, plaintiff filed a third lawsuit arising from the incident, this time against Citizens, who insured Yerukola. Citizens moved to consolidate the third lawsuit with the second lawsuit for the reason that the priority issue, and therefore the domicile issue, were relevant to both insurers in both lawsuits and thus required that both insurers participate in the litigation of those questions. The trial court denied Citizens' motion to consolidate the second and third lawsuits.

Citizens moved for reconsideration of the order denying its motion to consolidate, arguing that the trial court had denied Citizens due process by denying it the opportunity to be heard on the issues of domicile and priority. The trial court denied Citizens' motion for reconsideration, but granted Citizens' motion to add Meemic as a third-party defendant in the third lawsuit. Meanwhile, in the second lawsuit, the trial court granted Meemic's motion for summary disposition under MCR 2.116(C)(10), determining that plaintiff was not domiciled with Jagdeep in Michigan at the time of the incident.

Citizens filed a third-party complaint against Meemic in the third lawsuit, asserting that Meemic was the priority insurer with respect to plaintiff's PIP claims. Meemic filed a motion for summary disposition of the third-party complaint under MCR 2.116(C)(10), contending that there was no genuine issue of material fact that plaintiff was not domiciled with Jagdeep at the time of the accident. The trial court granted Meemic's motion, finding that the issue of plaintiff's domicile at the time of the accident had already been determined in the second lawsuit and thus was precluded from relitigation by res judicata.

Citizens sought leave to appeal from the trial court's order granting Meemic summary disposition. This Court granted Citizens' application for leave to appeal, and stayed the trial court proceedings pending resolution of the appeal. *Kaur v Citizens Ins Co of the Midwest*, unpublished order of the Court of Appeals, entered May 1, 2019 (Docket No. 346926).

Before this Court entered its order staying the trial court's proceedings in the third lawsuit, however, plaintiff sought discovery in the trial court of the notes of Citizens' claims adjuster, and filed a motion to compel that information after Citizens asserted that much of the information requested was protected by privilege. At the direction of the trial court, Citizens provided the requested information to the trial court for an *in camera* review. After its review, the trial court decided that certain portions of the redacted information were to be disclosed by Citizens. The trial court, however, did not enter an order to that effect, but instead informed the parties by telephone that it had made its decision. Although plaintiff received the message, Citizens asserts

that it did not receive the telephone message left by the trial court. Plaintiff moved to compel production of the notes that the trial court had determined were subject to discovery. The trial court granted the motion to compel, and ordered Citizens to produce the designated materials and to pay plaintiff's counsel $900 in costs.

Citizens filed a delayed application for leave to appeal, challenging the trial court's order regarding discovery. This Court granted Citizens' application for leave to appeal, and consolidated the two appeals. *Kaur v Citizens Ins Co of the Midwest*, unpublished order of the Court of Appeals, entered June 22, 2019 (Docket No. 349344).

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). When reviewing a trial court's decision granting summary disposition under MCR 2.116(C)(10), this Court considers all documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich App 517, 520; 895 NW2d 188 (2016). Summary disposition under MCR 2.116(C)(10) is warranted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* We also review de novo issues involving the interpretation of statutes, *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012), the trial court's application of the doctrine of res judicata, *Garrett v Washington*, 314 Mich App 436, 441; 886 NW2d 762 (2016), and whether a party has been denied due process of law. *AFP Specialties, Inc v Vereyken*, 303 Mich App 497, 504; 844 NW2d 470 (2014).

### B. RES JUDICATA

Citizens first contends that the trial court erred by granting summary disposition to Meemic on the basis of res judicata. We agree.

The purpose of the Michigan no-fault act, MCL 500.3101 *et seq.*, is "to ensure the compensation of persons injured in automobile accidents." *Allstate Ins Co v State Farm Mut Auto Ins Co*, 321 Mich 543, 552; 909 NW2d 495 (2017). "The priority statutes, MCL 500.3114 and MCL 500.3115, define against whom an individual may make a claim for benefits." *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 215; 895 NW2d 490 (2017). When determining the priority of insurers under the no-fault act for purposes of PIP benefits, courts must consider MCL 500.3114. *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 254; 819 NW2d 68 (2012). At the time of the accident in this case, MCL 500.3114[1] provided, in relevant part:

---

[1] MCL 500.3114 was amended by 2019 PA 21, effective June 11, 2019. The last sentence of subsection (1) now reads: "If personal protection insurance benefits or personal injury benefits described in section 3103(2) [MCL 500.3103(2)] are payable to or for the benefit of an injured person under his or her own policy and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits up to the

(1)  Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) [MCL 500.3101] applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. . . . If personal protection insurance benefits or personal injury benefits described in section 3103(2) [MCL 500.3103(2)] are payable to or for the benefit of an injured person under his or her own policy and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and is not entitled to recoupment from the other insurer.

Under this provision, a person injured in a motor vehicle accident generally is required to seek compensation from his or her own no-fault insurer, regardless of whether his or her own vehicle was involved in the accident.  MCL 500.3114(1); see *Corwin*, 296 Mich App at 255, 262.

At the time of the accident in this case, MCL 500.3115[2] provided, in relevant part:

> (1) Except as provided in subsection (1) of section 3114 [MCL 500.3114], a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a)  Insurers of owners or registrants of motor vehicles involved in the accident.
>
> (b)  Insurers of operators of motor vehicles involved in the accident.  [MCL 500.3115(1).]

Thus, if a pedestrian is injured in a motor vehicle accident, and neither the injured person nor a relative in that person's household have a no-fault insurance policy, then the injured person may claim PIP benefits from the insurers of the owners or registrants of the motor vehicles involved in the accident.  MCL 500.3115(1)(a); *Allstate Ins Co*, 321 Mich App at 552.  In this case, the parties do not dispute that under these statutory provisions, if plaintiff, who does not have her own policy of no-fault insurance, was a resident relative of her son, Jagdeep, at the time of the accident, then Meemic is first in priority under MCL 500.3114(1).  If plaintiff was not domiciled with Jagdeep, however, then Citizens is first in priority under MCL 500.3115(1).

The trial court concluded in the second lawsuit that plaintiff was not domiciled with her son, Jagdeep, at the time of the incident; the trial court therefore dismissed Meemic from the

---

coverage level applicable under section 3107c [MCL 500.3107c] to the injured person's policy, and is not entitled to recoupment from the other insurer."

[2] MCL 500.3115 was amended by 2019 PA 21, effective June 11, 2019, and now reads:  "Except as provided in section 3114(1) [MCL 500.3114(1)], a person who suffers accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits under the assigned claims plan under sections 3171 to 3175 [MCL 500.3171 to MCL 500.3175]."

second lawsuit, determining that Meemic was not first in priority with regard to plaintiff's claim. The trial court then granted Meemic summary disposition of Citizens' third-party complaint in this case, concluding that res judicata precluded the redetermination of the priority and domicile issues.

Res judicata, or "claim preclusion," precludes relitigation of a claim that is predicated on the same underlying transaction as a claim litigated in a prior case. *Duncan v Michigan*, 300 Mich App 176, 194; 832 NW2d 761 (2013). The doctrine of res judicata was judicially created to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380; 596 NW2d 153 (1999) (quotation marks and citations omitted). Res judicata operates to bar a second action when "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999). Res judicata is broadly applied in Michigan, barring not only claims already litigated, but also every claim arising from the same transaction that could have been brought by exercising reasonable diligence. *Dart*, 460 Mich at 586. The burden of establishing res judicata is upon the party asserting that doctrine. *Baraga Co v State Tax Comm*, 466 Mich 264, 269; 645 NW2d 13 (2002).

The first element of res judicata was met in this case because the prior action was decided on the merits. The trial court granted Meemic summary disposition in the second lawsuit, concluding that it was not the priority insurer because plaintiff was not domiciled with Jagdeep. See *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 419; 733 NW2d 755 (2007) (summary disposition generally operates to resolve a matter on the merits). The second element of res judicata was also met because the matter contested in this action is the same as the matter contested in the prior action, being whether plaintiff was domiciled with Jagdeep, and which insurer is thereby in the priority position under the no-fault act.

However, the third element of res judicata was not met because the two actions do not involve the same parties or their privies. Parties are in privity for purposes of res judicata when they are "so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert." *Adair v Michigan*, 470 Mich 105, 122; 680 NW2d 386 (2004). "The outer limit of the doctrine traditionally requires both a 'substantial identity of interests' and a 'working functional relationship' in which the interests of the nonparty are presented and protected by the party in the litigation." *Id*. at 122 (quotation marks and citations omitted).

In this case, Citizens was not a party to the second lawsuit, nor was it in privity with any party in that action. Meemic clearly is not in privity with Citizens, being diametrically opposed to Citizens' interests in this matter. Plaintiff, an alleged accident victim seeking no-fault benefits from Citizens, also cannot be said to represent the same interests as Citizens. Because there was no privity between Citizens and the parties to the second lawsuit, Citizens' interests were

unrepresented in that action and the trial court therefore erred by concluding that res judicata applied to bar Citizens' third-party claim against Meemic in this case.[3]

## C. DUE PROCESS

Citizens also contends that the trial court erred by granting summary disposition to Meemic because in doing so the trial court denied Citizens due process. Again, we agree.

Both the United States and Michigan constitutions prohibit the government from depriving a person of life, liberty, or property without due process of law. US Const, Am XIV; Const 1963, art 1, § 17. The "deprivation of life, liberty, or property by adjudication must be preceded by notice and an opportunity to be heard." *Bonner v City of Brighton*, 495 Mich 209, 235; 848 NW2d 380 (2014). In addition, Michigan's court rule addressing necessary joinder provides:

> Subject to the provisions of subrule (B) and MCR 3.501, persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests. [MCR 2.205(A).]

When determining the priority rights of two insurers implicated in a plaintiff's claim, due process requires that both insurers be joined in the same action before the trial court. Plaintiff chose to file separate lawsuits against Meemic and Citizens for injuries alleged to arise from a single accident. The trial court was aware that Citizens was a non-party to plaintiff's action against Meemic and was seeking to consolidate the cases, which would have permitted the trial court to address the issues of domicile and priority in a single lawsuit, but the trial court nonetheless denied the motion, instead allowing Citizens to bring Meemic into the third lawsuit as a third-party defendant. In what must have felt to Citizens like a bait and switch, the trial court then applied the decision issued in the second lawsuit to bar Citizens from raising its challenge to the priority determination in this case. It was a violation of due process to resolve that issue contrary to Citizens' interests in the second lawsuit in which Meemic was a party but Citizens was not, and when Citizens was not given an opportunity to be heard on the issue of priority.

---

[3] In addition, applying the doctrine of res judicata in this case is contrary to two of the stated purposes of the doctrine, being relieving parties of multiple lawsuits and conserving judicial resources. See *Pierson Sand & Gravel*, 460 Mich at 380. Plaintiff in this case filed multiple lawsuits, failing to join both insurers in the same lawsuit, and thereby creating the situation in which the priority issue was resolved in one lawsuit without the necessary parties being joined. To enable the parties to the second lawsuit to wield the doctrine of res judicata to prevail in the third lawsuit would encourage multiple lawsuits as a strategic maneuver.

## D. DOMICILE

Citizens also argues that the trial court erred by granting Meemic summary disposition because the facts establish that plaintiff was domiciled with Jagdeep. This issue was not decided by the trial court in this case, however, and we decline to reach it.

Generally, the determination of domicile under the no-fault act is a question of fact. *Grange Ins Co of Michigan v Lawrence*, 494 Mich 475, 490-492; 835 NW2d 363 (2013). When the underlying material facts are not in dispute, however, the determination of domicile is a question of law to be determined by the trial court. *Id*. When determining whether a person is domiciled in the same household as the insured, the relevant factors include (1) the claimant's subjective or declared intent to remain indefinitely in the insured's household, (2) the formality of the relationship between the claimant and the insured, (3) whether the place the claimant lives is within the same house, curtilage, or premises as the insured, and (4) whether the claimant has another place of lodging. *Workman v DAIIE*, 404 Mich 477, 496-497; 274 NW2d 373 (1979). This Court also has identified other factors relevant to the determination of domicile, being (1) the claimant's mailing address, (2) whether the claimant maintains possessions at the insured's home, (3) whether the claimant's driver's license and other documents indicate the home of the insured as the claimant's address, (4) whether a bedroom is maintained for the claimant in the insured's home, and (5) whether the claimant is dependent upon the insured for financial support or assistance. *Cervantes v Farm Bureau Ins Co*, 272 Mich App 410, 415; 726 NW2d 73 (2006).

As an error-correcting court, this Court's review is generally limited to issues actually decided by the trial court. *Jawad A. Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 210; 920 NW2d 148 (2018). This Court may overlook preservation requirements to prevent manifest injustice, to decide an issue that is necessary to the proper determination of the case, or to decide an issue that involves a question of law for which the necessary facts have been presented. *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002). This Court's practice, however, much more often than not, is to decline to decide issues for the first time on appeal, and instead to remand those issues to be decided in the first instance by the trial court. See, e.g., *Jawad A. Shah, MD, PC*, 324 Mich App at 210 (additional matters related to the proposed supplemental complaint should be addressed in the first instance by the trial court).

In this case, because the trial court incorrectly determined that it did not need to rule on the domicile issue because that issue had been decided in the second lawsuit, there is no decision on that issue in this case for this Court to review. Moreover, Citizens has not had the opportunity to litigate that question before the trial court, and Meemic has not had the opportunity to litigate the issue against Citizens before the trial court. Under these circumstances, it is appropriate for the trial court to rule on the domicile issue in the first instance on remand, with both Citizens and Meemic having an opportunity to litigate the question before the trial court in the same case.

## E. DISCOVERY

Citizens also contends that the trial court abused its discretion by granting plaintiff's motion to compel production of the unredacted notes of their claims adjuster. We review a trial court's decision to compel discovery for an abuse of discretion. *Sarkar v Doe*, 318 Mich App 156, 166; 897 NW2d 207 (2016). The trial court abuses its discretion when its decision is outside the

range of principled outcomes. *PCS4LESS, LLC v Stockton*, 291 Mich App 672, 676-677; 806 NW2d 353 (2011). We review de novo whether either attorney-client privilege or work-product privilege may be asserted in a discovery dispute. *Augustine v Allstate Ins Co*, 292 Mich App 408, 419; 807 NW2d 77 (2011).

In Michigan, the use of discovery in civil proceedings is regulated by the court rules. *Martin v Martin*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 349261); slip op at 9. The court rules permit open, broad discovery. *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 443; 814 NW2d 670 (2012). After a party commences a civil action, the party is permitted to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." *Sarkar*, 318 Mich App at 175 (quotation marks and citation omitted). The scope of discovery is broad, but the information sought through discovery must be relevant and must not be privileged. MCR 2.302(B)(1); *Martin*, ___ Mich App at ___; slip op at 9. Although Michigan is "strongly committed to open and far-reaching discovery, a trial court must also protect the interests of the party opposing discovery so as not to subject that party to excessive, abusive, or irrelevant discovery requests." *Planet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 327; 900 NW2d 680 (2017).

The trial court's authority to order discovery generally does not apply to privileged material. See MCR 2.302(B)(1); see also *Augustine*, 292 Mich App at 420-421. "The attorney-client privilege attaches to direct communication between a client and his attorney as well as communications made through their respective agents." *Id*. at 420 (quotation marks and citation omitted). The scope of attorney-client privilege is narrow and attaches only to confidential communications by the client to the attorney for the purpose of obtaining legal advice. *Id*. The work-product privilege protects from discovery the notes, working documents, and memoranda that an attorney prepared in anticipation of litigation. *Id.*

In this case, plaintiff sought discovery of the unredacted notes of Citizens' claims adjuster, and filed a motion to compel discovery of that information. At the direction of the trial court, Citizens provided the information to the trial court for an *in camera* review. After its review, the trial court did not enter an order, and instead contacted the parties by telephone, leaving a message with Citizens. Citizens contends that they did not receive the message from the trial court. Plaintiff filed a motion to compel discovery of the unredacted notes, attaching a copy of the redacted claims notes, some of which had the handwritten notation "OK" next to them. The motion explained that when plaintiff's assistant picked up the document from the trial court, the assistant was told that the notes marked "OK" had been determined to be privileged, while the remainder were not.

At the hearing on the motion to compel, the trial court acknowledged that it had not entered an order regarding the results of its *in camera* review, but instead left a telephone message for Citizens' counsel stating that the handwritten results could be retrieved from the court. Although Citizens asserted that it never received that communication from the trial court, the trial court ruled that Citizens would not be allowed to file any motions disputing the results of the review, ordered Citizens to produce all notes not deemed privileged, and further ordered Citizens to pay plaintiff's counsel $900 in costs. Citizens filed a motion for reconsideration. While that motion was pending, this Court granted Citizens' application for leave to appeal the order granting Meemic summary

disposition, staying the trial court proceedings pending resolution of the appeal.[4] The trial court, therefore, has not had an opportunity to rule on the motion for reconsideration.

Citizens contends that the trial court abused its discretion by ordering that it produce portions of the redacted material in the claims adjuster's notes, which Citizens contends are work-product and attorney-client privileged materials that are not subject to discovery under MCR 2.302. Citizens also argues that the trial court's notations are not sufficient to inform the parties of the substance of the trial court's decisions on the production of the redacted materials.

Generally, a court speaks through its written orders and judgments, and not through oral statements. *Tomasik v Michigan*, 327 Mich App 660, 678; 935 NW2d 369 (2019); see also MCR 2.602(A)(1). There are circumstances when "an oral ruling has the same force and effect as a written order." *Arbor Farms, LLC v GeoStar Corp*, 305 Mich App 374, 388; 853 NW2d 421 (2014) (quotation marks and citation omitted). When assessing whether an oral ruling has an effect equal to that of a written order, this Court considers whether the oral ruling contains the indicia of formality and finality comparable to a written order. *Id*.

In this case, the trial court's "ruling," in the form of handwritten notations on a privilege log, did not explain the basis of the trial court's determinations, and was not sufficient to inform the parties of their obligations in a manner comparable to a written order. Furthermore, Citizens was not given the opportunity to contest the trial court's determinations. However, because the trial court has not had the opportunity to rule on Citizens' motion for reconsideration, we decline to reach this issue on appeal to permit the trial court the opportunity on remand to rule on the motion for reconsideration.

## F. SANCTIONS

Citizens also contends that the trial court abused its discretion by imposing costs upon it of $900. Trial courts have inherent authority to sanction litigants and their attorneys and "to direct and control the proceedings before them." *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). Generally, the trial court is in the best position to judge the severity of any discovery abuses, and to determine the appropriate sanction for improper conduct. *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 87-88; 618 NW2d 66 (2000). When imposing discovery sanctions, the trial court's record should reflect that the trial court considered the circumstances of the case and all options in determining what sanction is just and proper in the context of the case. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010).

MCR 2.313(A)(5) permits a trial court to award to a party that was obligated to move to compel discovery the costs of the motion, to be paid by the party whose conduct necessitated the motion. MCR 2.313(A)(6) permits the trial court also to award additional sanctions "as are just." In addition, if a party fails to comply with an order of the trial court to provide or permit discovery, MCR 2.313(B)(2) provides for the imposition of discovery sanctions. The trial court's discovery sanction should be "proportionate and just." *Hadrick v Auto Club Ins Ass'n*, 294 Mich App 651,

---

[4] *Kaur v Citizens Ins Co of the Midwest*, unpublished order of the Court of Appeals, entered May 1, 2019 (Docket No. 346926).

662; 819 NW2d 28 (2011) (quotation marks and citation omitted). We review decisions regarding discovery sanctions for an abuse of discretion. *Elahham*, 319 Mich App at 135.

At the hearing on plaintiff's motion to compel discovery, the following colloquy took place:

> [*Counsel for Citizens*]: Your Honor, the first communication we received that this was finished was an e-mail from [plaintiff's counsel] saying turn over the notes. He didn't include a copy of your handwritten notes, we didn't have an order, we didn't have any communications from the Court telling us what to do. We sent a letter asking how he knew that they were done and we received the instant motion. We simply can't be compelled to do something that we haven't yet received any instructions or an order on. To protect my client's rights and to proceed in accordance with the caselaw and court rules we need an order from this Court –
>
> *The Court*: You're going to get one.
>
> * * *
>
> Okay. Here's the way that I handled it because it would've been extremely time consuming for me to put in an order every single page that was okay and not okay. So I just went through the claim file, if I said okay, that remained redacted. If it didn't you got to produce it.
>
> We called you guys I think it was earlier, I think it was 4 weeks ago. But he says March 4th, so I'll give him March 4th, but I'm pretty sure it was a Friday. I know we've been in touch with you guys, it's been sitting here, you guys haven't picked it up. And the instructions were when we called you pick it up, if you have any disagreement with me file a motion.
>
> You guys didn't do anything, you haven't grabbed it. So you missed that window, now you have to produce the unredacted claim file in the manner that I just said. You've missed your opportunity to file a motion 'cause now we're sitting here. How much do you want in costs, counsel?
>
> [*Counsel for Plaintiff*]: Your Honor, my hourly rate's $300 and this is approximately 3 hours of my time, this morning. I would ask for $900.
>
> *The Court*: All right. This should've been done.

This discussion suggests that the trial court was ordering costs of the motion under MCR 2.313(A)(5), and not sanctions under MCR 2.313(B). However, a review of the record indicates that neither sanctions nor costs were warranted by the circumstances in this case. This Court has provided nonexhaustive factors to be considered, including whether the violation was willful or accidental, the party's history of compliance with discovery, any prejudice to the opposing party, any history of deliberate delay, the party's compliance with other provisions of the trial court's order, the party's attempt to timely cure a defect, and whether a lesser sanction was appropriate. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010). Here, the confusion

regarding discovery was created by the trial court's failure to enter a written order. Furthermore, the trial court did not create a record to support an award of costs, and the record suggests that costs were not warranted in this case.

We vacate the order of the trial court granting Meemic summary disposition and remand for determination of the issues of domicile and priority between Meemic and Citizens. We also vacate the order of the trial court imposing costs upon Citizens, and remand to the trial court to reconsider whether Citizens' claims adjuster's notes were discoverable. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly