E & G FINANCE CO., INC., v. SIMMS.

1. JUDGMENT—RES JUDICATA—BURDEN OF PROOF.
   The defense of *res judicata* is an affirmative defense and the burden of proof is on the party urging it.

2. SAME—RES JUDICATA—EVIDENCE—CORPORATE REPORTS—DEFAULT.
   The defense of *res judicata* failed, where the defendant asserting it does not appear to have proved that the first case was rightly or wrongly dismissed because the master agreement, upon which plaintiff finance company had brought both actions, had been entered into while such plaintiff was in default in filing its corporate reports (CL 1948, §§ 450.87, 450.91).

Appeal from Wayne; Weideman (Carl M.), J. Submitted January 6, 1961. (Docket No. 47, Calendar No. 48,866.) Decided March 1, 1961.

Action in the common pleas court for the city of Detroit by E & G Finance Company, Inc., a Michigan corporation, against Irving Simms, doing business as Neon & Clock Company, and Adele Simms, doing business as Adele Simms Neon & Clock Company, for sums due on finance and recourse agreement. A similar action previously was dismissed. Motion to dismiss denied in common pleas court but granted in circuit court. Plaintiff appeals. Reversed and remanded for trial on merits.

REFERENCES FOR POINTS IN HEADNOTES
[1] 30A Am Jur, Judgments § 455.
[2] 30A Am Jur, Judgments § 469.

*Piggins, Balmer, Grigsby, Skillman & Erickson,* for plaintiff.

*A. Albert Sugar,* for defendants.

KAVANAGH, J.   Plaintiff finance company entered into an agreement with defendant retailers on May 13, 1957, whereby plaintiff undertook to discount certain contracts.   The agreement provided for recourse by plaintiff against defendants in the event of default.   Defaults occurred and under date of January 28, 1958, plaintiff notified defendants of its intention to exercise its option by bringing an action for recourse against defendants.   On May 6, 1958, such an action was commenced by plaintiff in the common pleas court for the city of Detroit.   Defendants answered the declaration, denying that plaintiff was duly licensed to do business in the State of Michigan on May 6, 1958, and setting up notice of special defenses, 2 of which were as follows:

1. The plaintiff had no status as a corporation to commence this action, as its corporate charter was suspended by operation of law prior to the date the suit was instituted for its failure to have filed its 1957 and 1958 reports as set forth in the statute, CL 1948, § 450.91 (Stat Ann § 21.91).

2. The so-called master agreement attached to the declaration is void, having been allegedly executed on May 13, 1957, and during a period while plaintiff failed to pay its privilege fee to the State of Michigan and for its failure to file its annual reports as required by the statute, CL 1948, § 450.87 (Stat Ann § 21.87).

The matter came on to be heard in the common pleas court.   The defendants made a motion to dismiss at the conclusion of plaintiff's opening statement.   The cause was orally argued and the trial judge, on November 26, 1958, dismissed the action

and based the order of dismissal on both the above mentioned sections of the statute.* No appeal from this action was taken by either party. The required reports were filed and privilege fees paid and suspension lifted September 11, 1958. On December 31, 1958, the present suit was filed in the common pleas court for the city of Detroit, at which time the plaintiff corporation was in good standing.

Defendants moved to dismiss the second suit, claiming it was for the same cause of action as the first suit and that the dismissal of the first suit was *res judicata*. This motion was denied. Defendants

---

* Sections 87 and 91 of PA 1931, No 327 (CL 1948, §§ 450.87, 450.91 [Stat Ann §§ 21.87, 21.91]) provide as follows:

"Sec. 87. (1) If any corporation neglects or refuses to make and file the reports and/or pay any fees required by this act within the time herein specified, and shall continue in default for 10 days thereafter, unless the secretary of State shall for good cause shown extend the time for the filing of such report or the payment of such fee, as the case may be, as provided in section 91 of this act, and (2) if such corporation shall continue in default for 10 days after the expiration of such extension, *its corporate powers shall be suspended thereafter, until it shall file such report*, and it shall not maintain any action or suit in any court of this State upon any contract entered into during the time of such default; but nothing herein contained shall prevent the enforcement of such contract against the corporation by the other party thereto, and during the period of such suspension such corporation may exercise the power of disposing of and conveying its property and may settle and close *its business. Any officer or officers of such corporation so in default* who has neglected or refused to join in making of such report and/or pay such fee shall be liable for all debts of such corporation contracted during the period of such neglect or refusal."

"Sec. 91. If any profit corporation which has heretofore been, is now or may hereafter be required to file its annual report with and pay a privilege fee to the secretary of State, shall for 2 consecutive years neglect or refuse to file such report and/or to pay such fee, the charter of such corporation shall be absolutely void, without any judicial proceedings whatsoever, and such corporation shall be wound up in any manner provided by this act unless the secretary of State shall for good cause shown extend the time for the filing of such report or the payment of such fee as the case may be. In case of extension of time as provided in this section the secretary of State shall file in his office a certificate showing the length of time granted by such extension: Provided, That in no case shall the total extension of time granted be more than 1 year: And provided further, That such extension of time shall be granted prior to the expiration of the time fixed in section 82 of this act. The provisions of this act are hereby declared to be self-executing."

moved for a rehearing, which was also denied. Defendants then appealed to the circuit court. The circuit court held the second suit should have been dismissed and ordered the suit remanded for dismissal. Plaintiff took this appeal.

Appellant presents the following question:

"Is the dismissal of a prior suit, dismissed because suit was filed while plaintiff corporation was in default in its annual reports, *res judicata* on the merits so as to bar a second suit on the same claim, brought when the plaintiff corporation was no longer in default?"

A reading of the entire record, including the proceedings had before the common pleas judge on November 26, 1958, discloses the motion to dismiss was made at the conclusion of plaintiff's attorney's opening statement at the trial of the cause and was made upon several grounds. The first reason had to do with the service of the summons; the second one was that plaintiff had no legal status in court because of failure to file annual reports and pay annual privilege fees; the third one alleged the master agreement sued upon was executed while plaintiff corporation was in default in filing its annual reports and paying its annual privilege fee. It is impossible to tell, however, from the opinion of the common pleas judge, in granting the motion to dismiss, whether he granted the motion on one or all of these grounds. The sole evidence we have to examine is the court's opinion and colloquy between the court and counsel as follows:

"This motion is based upon a statute applicable to corporations. It is claimed that the plaintiff corporation did not comply and consequently is not permitted to be heard in this lawsuit. I am inclined to believe, gentlemen, that the motion is well taken. I will dismiss the case and base the order of dis-

missal on statute [section?] 21.87 as found in the Michigan Statutes Annotated.

"*Mr. Sugar:* May I also ask the court to base its decision on .91 as well because I relied on both statutes?

"*The Court:* Yes. I have examined 21.91 also.

"*Mr. Sugar:* Yes, your Honor, I applied them both.

"*The Court:* That section has to do with the neglect or refusal to file its annual report for 2 consecutive years. The decision is based upon both sections of the statute.

"You may tax your costs as they are permitted by statute."

It is to be noted that under the statute (CL 1948, § 450.87 [Stat Ann § 21.87]), there are 3 penalties provided:

(1) If any corporation is in default for 10 days its corporate powers shall be suspended thereafter until it shall file such report.

(2) It shall not maintain any action or suit in any court of this State upon any contract entered into during the time of such default.

(3) Any officer or officers of such corporation so in default who has neglected or refused to make such report and/or pay such fee shall be liable for all debts of such corporation contracted during the period of such neglect or refusal.

Admittedly, we are not here concerned with the last provision. If the trial court had found the corporation in default for more than 10 days and its corporate powers thereby suspended, or if the court had dismissed the action because the contract had been entered into during the time of such default, then certain questions unnecessary of present decision would present themselves.

The defense of *res judicata* is an affirmative defense and the burden of proof is on the party urging

such defense. *Calvert* v. *City of Pontiac,* 288 Mich 401; *Hoffman* v. *Silverthorn,* 137 Mich 60; *Gregor* v. *Olde,* 218 Mich 187; *Palchi* v. *Robbins,* 272 Mich 411.

The *Hoffman* v. *Silverthorn Case, supra,* in discussing the subject admits there are authorities holding that when there are several issues presented and a general judgment rendered, it will be presumed that all issues were decided in favor of the prevailing party. The Court, however, went on to say (p 65):

"But the better authority, in our judgment, is opposed to this doctrine, and casts upon the party asserting that such a judgment determined a particular issue the burden of proving it."

The defendants and appellees in the instant case have failed to carry this burden. No proof is found in the record to show the court rightly or wrongly dismissed the first case because the master agreement was entered into during plaintiff's default.

The order of the court below remanding the cause to the common pleas court for the city of Detroit and instructing that court to enter an order dismissing plaintiff's action with prejudice is reversed, and the case is remanded to the circuit court, with instructions to remand to the common pleas court for trial on its merits. Plaintiff and appellant shall have costs.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, and Souris, JJ., concurred.