*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MR. SUNSHINE and STEPHEN EMSLEY,

        Plaintiffs-Appellants,

and

ROLAND JERSEVIC,

        Appellant,

v

CHARTER TOWNSHIP OF LYON BOARD OF
TRUSTEES, LISA BLADES, PATRICIA
CARCONE, MICHELE CASH, JOHN DOLAN,
SEAN O'NEIL, CAROL ROSATI, KRISTOFER
ENLOW, JOHN HICKS,

        Defendants-Appellees.

UNPUBLISHED
August 20, 2025
2:46 PM

No. 367751
Oakland Circuit Court
LC No. 2020-179219-CZ

Before: BORRELLO, P.J., and M. J. KELLY and TREBILCOCK, JJ.

PER CURIAM.

Plaintiffs, Mr. Sunshine[1] and Stephen Emsley, and their attorney, Roland J. Jersevic, appeal as of right the trial court's August 31, 2023 order awarding attorney fees as sanctions to defendants. The court awarded $45,248 in attorney fees to defendants Lyon Township Board of Trustees (the Board) and its members Lisa Blades, Patricia Carcone, Michele Cash, John Dolan, Kristofer Enlow, John Hicks, and Sean O'Neil. The court also awarded $36,342.40 in attorney fees to defendant Carol Rosoti, who was the Board's attorney. For the reasons set forth in this opinion,

---

[1] In their complaint, plaintiffs describe Mr. Sunshine as "a citizens group organized to promote open meetings of Michigan Public Bodies."

the trial court clearly erred by finding that plaintiffs engaged in sanctionable conduct and we therefore reverse.

## I. BACKGROUND

This case involves challenges brought under the Open Meetings Act (OMA), MCL 15.261 *et seq*. Many of the underlying background facts necessary to an understanding of the present appeal were also included in this Court's prior opinion involving this matter, *Emsley v Lyon Twp Bd of Trustees*, unpublished per curiam opinion of the Court of Appeals, issued December 2, 2021 (Docket Nos. 353097 and 354162). We thus refer to our prior opinion for this background.

Emsley initially filed suit in 2019 against the Board, alleging various OMA violations for when the Board went into closed sessions on April 5, 2010; August 7, 2017; November 6, 2017; December 4, 2017; January 2, 2018; February 5, 2018; June 4, 2018; September 4, 2018; and November 7, 2018. *Id*. at 2. "The Board moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that it fully complied with the OMA when it entered the closed sessions to discuss privileged communications with its counsel." *Id*.

In response to the motion for summary disposition, Emsley argued in part that the Board again violated the OMA on August 5, 2019, a date not included in Emsley's complaint, by improperly entering into a closed session to discuss written communications from its attorney. Following a hearing, the trial court granted the Board's motion for summary disposition under MCR 2.116(C)(10), finding no genuine issue of material fact regarding the alleged violations of the OMA. The trial court determined that the Board had complied with the requirements of the OMA when going into the closed sessions, rejecting Emsley's arguments that the Board failed to satisfy the requirements of the OMA.

Emsley moved for reconsideration of the trial court's order granting the Board summary disposition under MCR 2.116(C)(10), and in response the Board submitted affidavits from Carol Rosati and Lisa Anderson, attorneys who participated in the closed sessions. After reviewing *in camera* the Board's meeting minutes, closed session minutes, and attorney-client communications for the relevant meetings including the August 5, 2019 meeting, the trial court denied the motion for reconsideration.

While Emsley's motion for reconsideration was pending before the trial court . . . , plaintiffs initiated a second lawsuit against the Board,[2] the individual Board members, and the Board's attorney, Carol Rosati . . . . Plaintiffs alleged that the Board violated the OMA by meeting in closed session during a public meeting on August 5, 2019, to discuss a written communication from the Board's attorney. Plaintiffs alleged that the written attorney communication was used as a subterfuge to call a closed session to improperly discuss a potential lawsuit that was not yet pending. Plaintiffs alleged that the individual board members acted in concert to

---

[2] This second lawsuit is the lawsuit that is at issue in the present appeal.

evade the requirements of the OMA, engaging in a civil conspiracy to violate the OMA. Plaintiffs also alleged that Rosati, as the township's attorney, violated the OMA as a public official and aided and abetted the conspiracy to violate the OMA.

The Board and its members moved for summary disposition in part under MCR 2.116(C)(7). The Board contended that plaintiffs' claims were barred by res judicata and collateral estoppel because the trial court previously decided the merits of any claims related to the August 5, 2019 meeting in Emsley's first lawsuit, and that the civil conspiracy claim was barred by governmental immunity because all defendants associated with the Board were acting within the scope of their legislative authority. Rosati moved for summary disposition under MCR 2.116(C)(6), (7), (8), and (10), asserting that she was not a public official, that there was no civil conspiracy because any underlying tort alleged against defendants was barred by governmental immunity, and that plaintiffs' claims were also barred by res judicata and collateral estoppel.

The trial court granted defendants' motions and dismissed plaintiffs' claims against the Board and the individual board members under MCR 2.116(C)(7), finding that plaintiffs' claims were precluded by res judicata and collateral estoppel. The trial court stated, in relevant part:

> The Court has already decided, in a final judgment, that the Board did not violate the OMA when it met in closed session on August 5, 2019 to discuss a memorandum from its attorney. Although the August 5 meeting was not part of Emsley's first amended complaint in the [2019] lawsuit, his subsequent briefs repeatedly referred to the August 5 meeting, that meeting was discussed at oral argument on the motion for reconsideration, and the Court expressly included that meeting in its opinion and order denying the motion for reconsideration.
>
> The addition of Mr. Sunshine as a plaintiff does not change the outcome. The complaint alleges Mr. Sunshine is a "citizens group organized to promote meetings of Michigan Public Bodies," but there is no record of Mr. Sunshine being a registered corporate entity or assumed name. In any event, Mr. Sunshine would be in privity with Emsley, because they represent the same legal right and have a "substantial identity of interests." *Baraga Co v State Tax Comm*, 466 Mich 264, 269-270; 645 NW2d 13 (2002).

The trial court also dismissed the civil conspiracy claim against the Board members, holding that plaintiffs had not pleaded facts in avoidance of governmental immunity. The trial court also granted Rosati's motion for summary disposition under MCR 2.116(C)(8), finding that Rosati was neither a public official nor a member of the Board. The trial court further found that absent an underlying actionable tort, the claim against Rosati for civil conspiracy was subject to dismissal. [*Emsley*, unpub op at 2-4.]

Following the grants of summary disposition, plaintiffs filed a claim of appeal in this Court. Just days later, while that appeal was pending, defendants moved for sanctions under MCR 1.109(E), MCR 2.625(A)(2), and MCL 600.2591. The Board and its individual members in their motion argued that with the trial court ruling in the first lawsuit that the August 5, 2019 closed session did not violate the OMA, the 2020 lawsuit was frivolous. Rosati in her motion, made a similar argument and also argued that it was frivolous for plaintiffs to assert that Rosati was a "public official," when she only acted as the Board's attorney.

In a November 17, 2020 opinion and order, the trial court granted defendants' motions for sanctions. Although the court found that the 2020 lawsuit was not signed in violation of MCR 1.109 and was not frivolous at its inception, the court found that once it issued its March 2, 2020 order denying plaintiff's motion for reconsideration in the first lawsuit, "Plaintiffs had an obligation to dismiss the 2020 lawsuit, because at that point, the Court had ruled conclusively that [the] August 5, 2019 closed session did not violate the OMA." The court rejected plaintiffs' argument that because the 2019 lawsuit was premised on a violation of § 8(h) of the OMA, the 2020 lawsuit alleging a violation of § 8(e) was permissible. The trial court stated:

> First, the Court's March 2, 2020 opinion expressly addressed the Section 8(e) argument . . . . Second, even if the Court had not expressly addressed the Section 8(e) argument, such a claim was barred by res judicata. . . . Here res judicata barred all claims arising out of the August 5, 2019 closed session, regardless of the specific subsection of the OMA. Thus, the Plaintiffs had an obligation to dismiss the 2020 lawsuit once the Court issued the March 2, 2020 opinion in the 2019 lawsuit. At that time, the Board's and individual members' answer to the complaint in the 2020 lawsuit was not yet due. Plaintiffs should have withdrawn their complaint, knowing that the Court had upheld its ruling that there was no violation of the OMA. Instead, Plaintiffs proceeded with the 2020 lawsuit. Any documents signed by Plaintiffs' counsel after March 2, 2020 were signed in violation of MCR 1.109(E) because they were not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. Further, the action became frivolous after that date for purposes of MCL 600.2591, because the claims were devoid of legal merit.[3]

With regard to other arguments Rosati raised in her motion for sanctions, the trial court found that it was frivolous for plaintiffs to allege that Rosati was a public official under the OMA because she is not a member of the Board. The court further ruled that the claim for civil conspiracy was frivolous because, with the Board not violating the OMA, no one could conspire to violate the OMA. Thus, as to Rosati, the trial court found that "the complaint as to Rosati was signed in violation of MCR 1.109(E)(5)"; that the "complaint was not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law"; that "the action was frivolous for purposes of MCR 2.625(A)(2) and MCL 600.2591 because the Plaintiffs'

---

[3] Although this portion of the trial court's opinion was specifically addressing the Board and individual members' motion for sanctions, the court indicated that the same rationale applied to Rosati's motion.

legal position was devoid of legal merit"; and that "Plaintiffs and their counsel are ordered to pay sanctions pursuant to MCR 1.109(E)(6) and (7), MCR 2.625(A)(2); and MCL 600.2591." Although plaintiffs did not raise any specific objections to the hourly rates or time spent by the various defense attorneys, the trial court granted their request for an opportunity to challenge those amounts at an evidentiary hearing.

Before the evidentiary hearing took place, plaintiffs moved under MCR 2.612 to vacate the order granting sanctions. Plaintiffs argued that an affidavit executed by Rosati and relied on by the trial court to justify its conclusion that the August 5, 2019 closed meeting did not violate the OMA was categorically false. The crux of plaintiffs' position was that a statement in the affidavit—that the Township had retained attorney Jennifer Grieco—was necessarily false. In support, while relying on the principle that a public body can only speak through its written proclamations, plaintiffs noted that there was no mention in any meeting minutes of the Township indicating that Grieco had ever been retained. Plaintiffs averred that the Board's attempt on March 20, 2020, to ratify the retainment of Grieco shows that she was indeed never retained before that date. Plaintiffs argued that with this evidence of there being no attorney-client relationship between the Board and Grieco, the Board's closed session on August 5, 2019, was not authorized by the OMA. Plaintiffs therefore suggested that because the August 5, 2019 meeting was a violation of the OMA, their claim alleging such an OMA violation was not frivolous, requiring the court to vacate its derivative order of sanctions. In response to plaintiffs' motion to vacate, defendants submitted a copy of a retainer agreement between Grieco and Lyon Township,[4] dated April 24, 2019. On March 31, 2021, the trial court denied plaintiffs' motion to vacate, ruling that no facts presented by plaintiffs demonstrated the existence of fraud.

The trial court conducted the evidentiary hearing regarding the amount of sanctions on April 9, 2021, and then took the matter under advisement.

On December 2, 2021, this Court issued its opinion resolving the pending appeal, affirming in all respects.[5] Of particular note, this Court ruled that the trial court did not err by denying Emsley's request to amend the 2019 complaint to add an allegation that the Board violated the OMA on August 5, 2019. *Emsley*, unpub op at 9-10. This Court determined that the trial court properly determined that any OMA claim based on an alleged August 5, 2019 violation was without merit and any amendment to add such a claim would thus be futile. *Id*. Further, this Court held that plaintiffs' claim in the second lawsuit alleging an August 5, 2019 OMA violation was precluded on the basis of res judicata. *Id*. at 13. This Court explained:

> Although Emsley's complaint in [the first lawsuit] did not identify the August 5, 2019 meeting as one of the sessions challenged, in the course of that litigation he argued before the trial court that the Board had violated the OMA by going in to a closed session on that date, and requested to amend his complaint to allege a

---

[4] Defendant John Dolan, who was the Lyon Township Supervisor at the time, signed the retainer agreement on behalf of the Township.

[5] Our Supreme Court denied leave to appeal this Court's decision on May 30, 2023. *Mr Sunshine v Lyon Twp Bd of Trustees*, 511 Mich 968 (2023).

-5-

violation of the OMA at that meeting. The trial court thereafter addressed and decided the merits of Emsley's arguments regarding the August 5, 2019 closed session, holding that the evidence demonstrated that the Board did not violate the OMA by entering a closed session on that date. Emsley was a plaintiff in both actions, and Mr. Sunshine was in privity with Emsley in light of its substantial identity of interests with Emsley. Accordingly, because the trial court decided in [the first lawsuit] that the Board did not violate the OMA by entering into closed session on August 5, 2019, the trial court properly determined that the same claim raised by plaintiffs in [the second lawsuit] was barred by res judicata. [*Id*. (citation omitted).]

On August 31, 2023,[6] the trial court issued its opinion and order regarding the amount of sanctions plaintiffs were to pay defendants. The court ruled that pursuant to MCR 1.109(E), MCR 2.625, and MCL 600.2591, the Board and its member defendants were entitled to $45,248 in attorney fees while Rosati was entitled to $36,342.40 in attorney fees. Notably, not only were plaintiffs liable for these amounts, but plaintiffs' counsel Roland Jersevic was as well. This appeal followed.

## II. STANDARD OF REVIEW

Generally, this Court reviews a trial court's decision to award sanctions for a frivolous filing for an abuse of discretion. *Sprenger v Bickle*, 307 Mich App 411, 422-423; 861 NW2d 52 (2014). But we review any of the trial court's underlying factual findings, including a finding of frivolousness, for clear error. *Id*. at 423. "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002).

## III. DISCUSSION

Plaintiffs and Jersevic argue that the trial court erred when it found that they had engaged in sanctionable conduct.

The trial court imposed sanctions pursuant to MCR 2.625(A)(2), MCL 600.2591, and MCR 1.109(E)(5). MCR 2.625(A)(2) provides: "In an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." In turn, MCL 600.2591 provides:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

---

[6] The trial court seemingly was waiting for all appellate proceedings in this Court and the Supreme Court to be concluded.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

(3) As used in this section:

(a) "Frivolous" means that at least 1 of the following conditions is met:

(*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable legal merit.

(b) "Prevailing party" means a party who wins on the entire record.

MCR 1.109(E) provides, in pertinent part:

(5) *Effect of Signature*. The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:

(a) he or she has read the document;

(b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(6) *Sanctions for Violation*. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

(7) *Sanctions for Frivolous Claims and Defenses*. In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to cost as provided in MCR 2.625(A)(2). The court may not assess punitive damages.

Thus, under MCR 1.109(E)(6), sanctions are appropriate when, among other things, the party had no reasonable basis to believe that the facts underlying the party's legal position were true or the party's legal position was devoid of arguable legal merit. See also *Ford Motor Co v Dep't of*

*Treasury*, 313 Mich App 572, 589; 884 NW2d 587 (2015) ("A claim is devoid of arguable legal merit if it is not sufficiently grounded in law or fact [.]") (quotation marks and citation omitted; alteration in original).

At the outset, we reject plaintiffs' argument that MCR 2.625 does not authorize the award of attorney fees as sanctions. It is true that MCR 2.625(A)(1) only authorizes "costs" to the prevailing party in a civil suit, which does not include an award of attorney fees. See *Burnside v State Farm Fire & Cas Co*, 208 Mich App 422, 426-427; 528 NW2d 749 (1995) ("Under the American rule, attorney fees are generally not allowed, as either costs or damages, unless recovery is expressly authorized by statute, court rule, or a recognized exception."). But MCR 2.625(A)(2) provides for an award of costs for a frivolous action consistent with MCL 600.2591, which expressly includes "reasonable attorney fees" as part of the recoverable costs. MCL 600.2591(2). Therefore, because MCR 2.625(A)(2) expressly incorporates MCL 600.2591, plaintiffs' argument is without merit.

Plaintiffs contest the trial court's determination that their filings constituted a frivolous legal position. The trial court concluded that plaintiffs were duty-bound to withdraw their claims in the 2020 litigation following its March 2, 2020 opinion in the 2019 case, which denied Emsley's motion for reconsideration and affirmed the absence of an OMA violation as of August 5, 2019. The court further reasoned that the claims advanced in the 2020 lawsuit were intrinsically barred by the principle of res judicata. Additionally, the court found that Rosati should not have been compelled to defend against the lawsuit, asserting, contrary to plaintiffs' contention, that Rosati did not qualify as a public official in the context of the OMA. The trial court also criticized the plaintiffs for basing their arguments on what it deemed to be dictum from a precedent-setting case.

Importantly, the rationale underpinning the trial court's decision to impose sanctions appeared to stem solely from its rejection of plaintiffs' legal framework, "Not every error in legal analysis constitutes a frivolous position," and the mere fact that a court finds a legal argument untenable does not inherently suggest that the advocate was acting frivolously. *Kitchen*, 465 Mich at 663. The trial court provided a comprehensive written opinion delineating its legal reasoning for rejecting plaintiffs' claims, rendering it challenging to conclude that plaintiffs' positions were entirely devoid of even marginal legal merit. MCL 600.2591(3)(a)(*iii*); MCR 1.109(E)(5)(b); *Ford Motor Co*, 313 Mich App at 589. Moreover, the "defense of *res judicata* is an affirmative defense and the burden of proof is on the party urging such defense." *E & G Fin Co v Simms*, 362 Mich 592, 596-597; 107 NW2d 911 (1961). See also *Garrett v Washington*, 314 Mich App 436, 441; 886 NW2d 762 (2016) ("[T]he burden of proving the applicability of the doctrine of res judicata is on the party asserting it.") (quotation marks and citation omitted; alteration in original).

Thus, contrary to the trial court's analysis, it did not become plaintiff's burden to concede the effect of a potential defense. Because we are left with a definite and firm conviction that a mistake was committed, the trial court clearly erred by imposing sanctions and we therefore reverse.[7]

---

[7] Because of our disposition on this issue, we decline to address appellants' other arguments for reversal.

Reversed. We do not retain jurisdiction. No costs are awarded. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Christopher M. Trebilcock